UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMBLYN KLINE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2853** |
| **LELANIE FOSTER, ET AL.** | **SECTION D (3)** |

## ORDER

Before the Court is Plaintiff's Motion to Remand.[1] The Motion is opposed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is denied.

### I. FACTUAL BACKGROUND

On January 17, 2020, Plaintiff Tamblyn Kline filed a petition for damages against Defendants Lelanie Foster, Royalty Productions, LLC, Hertz Vehicles LLC, and Federal Insurance Company in the Civil District Court for the Parish of Orleans, Louisiana.[3] In her Petition, Plaintiff alleges that on February 9, 2019 she was sitting in her vehicle at a red light on Esplanade Avenue at the intersection with Royal Street in New Orleans when a vehicle operated by Lelanie Foster crashed into the rear of her vehicle.[4] Plaintiff seeks damages from the injuries sustained during the collision. Named as Defendants are Lelanie Foster, as operator of the vehicle, Royalty Productions, LLC, the entity who rented the vehicle, and Hertz Vehicles LLC, the

---

[1] R. Doc. 5.
[2] R. Doc. 7.
[3] R. Doc. 1-1.
[4] *Id.* at 1-2 ¶¶ III, V.

owner of the vehicle.[5] Plaintiff further named Federal Insurance Company as a Defendant in the suit.[6]

On October 19, 2020, Lelanie Foster, Royalty Productions, LLC, and Federal Insurance Company ("Removing Defendants") filed their Notice of Removal based on diversity jurisdiction, 28 U.S.C. § 1332.[7] On November 18, 2020, Plaintiff filed a Motion to Remand.[8] In her Motion, Plaintiff contends Removing Defendants' Notice of Removal is procedurally deficient for two reasons: first, because the Notice of Removal was untimely and, secondly, because not all served Defendants, namely Hertz Vehicles LLC ("Hertz"), joined in the removal action.[9] Regarding the timeliness issue, Plaintiff argues Removing Defendants filed the Notice of Removal more than thirty days after they had received the initial pleading and possessed sufficient information to ascertain the action was removable.[10] While Plaintiff acknowledges that her Petition for Damages did not reveal she was seeking damages in excess of $75,000, she contends pre-suit medical records and bills provided to Removing Defendants made it apparent Plaintiff's damages would exceed the jurisdictional threshold.[11] Additionally, Plaintiff argues that Removing Defendants violated the rule of unanimity because they did not obtain Hertz's consent before filing the Notice of Removal.[12]

---

[5] *Id.* at 2-3 ¶¶ VII-IX.
[6] *Id.* at 3 ¶ X. Plaintiff claims Federal Insurance Company provided coverage to Lelanie Foster and Royalty Productions, LLC for the damages sought herein during the time of the collision.
[7] R. Doc. 1.
[8] R. Doc. 5.
[9] R. Doc. 5-1.
[10] *Id.* at 4-7.
[11] *Id.*
[12] *Id.* at 7.

Removing Defendants filed an Opposition to Plaintiff's Motion.[13] In their Opposition, Removing Defendants contend the suit did not become removable at the time the Plaintiff's Petition was filed, but instead only became removable when Plaintiff submitted her Answers to Interrogatories on September 17, 2020 wherein it was clear that Plaintiff's damages exceeded $75,000.[14] Removing Defendants argue Fifth Circuit precedent determines removability either based on the initial pleadings or on any "other paper" sufficient to make the case removable and such "other paper" received after the petition is filed, not before, making any pre-suit disclosures by Plaintiff irrelevant for removal purposes.[15]

In response to Plaintiff's assertion that removal was improper since not all served Defendants joined in the removal, Removing Defendants argue Hertz's consent was not required in the Notice of Removal because Hertz, at the time of the removal, was subject to a bankruptcy stay and therefore Hertz has no real interest in the outcome of the action.[16] Defendants point out that on May 15, 2020, Hertz and its subsidiaries commenced Chapter 11 bankruptcy proceedings.[17] On May 27, 2020, the United States Bankruptcy Court for the District of Delaware issued a stay order, staying all litigation against Hertz.[18] In the alternative, Removing Defendants contend Hertz's consent is not required because it is a defaulted defendant.[19] Removing Defendants state they have made reasonable efforts to obtain Hertz's

---

[13] R. Doc. 7.
[14] *Id.* at 1-7.
[15] *Id.* at 3.
[16] *Id.* at 5.
[17] R. Doc. 1 at 4-5 ¶ XI.
[18] *Id.*
[19] *Id* at 5 ¶ XIII.

consent to no avail.[20] Plaintiff filed a Reply,[21] in which she attempts to distinguish the cases cited by Removing Defendants regarding whether Hertz's consent was required. Plaintiff does not address Removing Defendants' "other paper" argument in her Reply.

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[22] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[23] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[24] If consent of all served defendants is not timely obtained, the removal is procedurally defective.[25] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[26] The removing party has the burden of proving federal diversity jurisdiction.[27] Remand is proper if at any time the court lacks subject matter jurisdiction.[28]

---

[20] *Id.*
[21] R. Doc. 10.
[22] 28 U.S.C. § 1441(a).
[23] 28 U.S.C. § 1332(a)-(a)(1).
[24] 28 U.S.C. § 1446(b)(2)(A).
[25] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); see also *Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").
[26] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[27] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[28] *See* 28 U.S.C. § 1447(c).

"A notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"[29] However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[30]

## III.   ANALYSIS

### A.   Removing Defendants' Notice of Removal was Timely

The first question the Court must address is whether the suit was timely removed. Plaintiff acknowledges it was not apparent from the face of her Petition that the amount in controversy was facially apparent to allow for diversity jurisdiction, but contends the medical records provided to counsel pre-suit provided sufficient information to put Defendants on notice the damages would be in excess of $75,000.[31] Removing Defendants contend Plaintiff's case became removable after post-petition documents, specifically Plaintiff's Answers to Interrogatories were produced to Defendants on September 17, 2020 which indicated the extent of Plaintiff's damages.[32] The initial question before the Court therefore is: If a defendant is provided pre-suit information that demonstrates the amount in

---

[29] 28 U.S.C. § 1446(b)(1).
[30] 28 U.S.C. § 1446(b)(3).
[31] R. Doc. 5-1 at 4-5.
[32] R. Doc. 7 at 1.

controversy exceeds $75,000, must the defendant remove the suit within 30 days of service of a state-court petition, even when the petition does not demonstrate that the amount in controversy is met?

The removal statute "provides a two-step test for determining whether a defendant has timely removed a case."[33] First, if the case "stated by the initial pleading is removable," a notice of removal shall be filed within thirty days of the receipt of the initial pleading.[34] If, however, the initial pleading is not removable, "then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable."[35] When there is a timeliness dispute, "the rule remains that the thirty-day clock is not triggered unless the initial pleading 'affirmatively reveals on its face' that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[36] The Fifth Circuit has specifically rejected the notion that pre-suit communications could serve as "other papers" for which the defendant could ascertain that the case was removable. In *Chapman v. Powermatic, Inc.*,[37] the Fifth Circuit held that under the plain language of 28 U.S.C. § 1446(b)(3), "if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading."[38] This

---

[33] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).
[34] *Id.*
[35] *Id.*
[36] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (*citing Chapman v. Powermatic, Inc.,* 969 F.2d 160, 161 (5th Cir. 1992)).
[37] 969 F.2d 160, 161 (5th Cir. 1992).
[38] *Id.* at 164.

rule does not account for a removing defendant's due diligence or subjective knowledge.[39]

Under the plain language of the removal statute and Fifth Circuit precedent, it is well established that pre-suit communications cannot qualify as "other papers" to trigger the removability timeline when the initial pleading does not affirmatively reveal on its face the case is removable. As the parties agree Plaintiff's initial petition did not contain specific allegation that she "sought damages exceeding the jurisdictional amount,"[40] the case first became removable on September 17, 2020, when Defendants received Plaintiff's Answers to Interrogatories specifying that the damages exceeded the jurisdictional amount. Removing Defendants' Notice of Removal is thus timely.

### B. Hertz's Consent was Not Required

Plaintiff next contends Removing Defendants' Notice of Removal is procedurally deficient, and thus warrants remand, because Defendant Hertz did not consent to the Removal. Although Hertz was served in this matter, and an entry of default entered by the state court prior to removal, a bankruptcy stay has been issued halting all litigation against Hertz. Further, the record reflects that Removing Defendants attempted to obtain the consent of Hertz but were unable to do so in light of the subsequent bankruptcy stay.[41]

---

[39] *Reyes v. Family Sec. Ins. Co.*, No. 19-13975, 2019 WL 6888531, at *3 (E.D. La. Dec. 18, 2019) (citing *Chapman*, 969 F.2d at 163).
[40] R. Doc. 5-1 at 6 ("It was not apparent solely from the face of Plaintiff's Petition for Damages that this action was removable.").
[41] R. Doc. 1-7.

Although there is admittedly limited legal authority on the subject, courts have concluded that a bankrupt defendant has no real interest in the outcome of the action and the bankruptcy stay precludes any plaintiff from pursuing a claim against said defendant.[42] Accordingly, it is unnecessary for a bankrupt party to join in the removal because the bankruptcy stay "effectively preclude[s] the issuance or employment of process against it."[43] A bankrupt defendant cannot be said to be properly joined under 28 U.S.C. § 1446(b)(2)(A) because that action cannot be pursued against it unless the Plaintiff prays for relief from the bankruptcy court.[44]

Plaintiff attempts to distinguish this case. Specifically, she tries to draw distinction from *Rigney*, and consequently *Livaccari*, because both cases dealt with defendants that were served while already in bankruptcy proceedings. Plaintiff asserts that since Hertz's bankruptcy proceedings and automatic stay order occurred after the service of the Petition on Hertz, Hertz was a properly joined defendant. The Court does not find this timing to be of consequence. Whether an automatic stay is ordered before the service of the Petition, or after the Petition but before Notice of Removal, the plaintiff is still precluded from pursuing an action against the bankrupt defendant. Further, the relevant caselaw focuses on whether a bankrupt defendant is properly joined, not properly served.[45] As such, Hertz's consent to file the Notice

---

[42] *See, e.g., Rigney v. Midcon Offshore, Inc.*, No. 97-3579, 1997 WL 795694, at *1 (E.D. La. Dec. 29, 1997); *PNC Equip. Fin., LLC v. USA Wheel Tech., Inc.,* No. 11-199, 2012 WL 441172, at *1 (S.D. Ohio Feb. 10, 2012).
[43] *Livaccari v. Zack's Famous Frozen Yogurt*, No. 92-1836, 1992 WL 178734, at *4 (E.D. La. July 21, 1992) (citing *Consumers Distributing Co. v. Tele-Save Merchandising Co.*, 553 F. Supp. 975-76 (D.N.J. 1982)).
[44] *Rigney*, 1997 WL 795694, at *1.
[45] *See id.*; *see also PNC Equip. Fin.,* 2012 WL 441172, at *1-2.

of Removal was not necessary. And tellingly, although Plaintiff cites broadly to caselaw which states that the Removal statue should be construed in favor of remand, she fails to cite to a single case where a court found that a defendant who has been issued a stay of all civil proceedings by a bankruptcy court must consent to removal.[46] Further still, there is nothing in the record to indicate that Plaintiff has moved the bankruptcy court to lift the stay, nor is there any evidence to reflect that the lifting of the stay is imminent.

Additionally, the Court notes that Plaintiff alleges that Hertz is the owner of a vehicle that was leased to the driver by another entity, Defendant Royalty Productions, and driven by Defendant Foster who rear-ended Plaintiff's vehicle. Defendants Royalty Productions, the lessee of the car, and Defendant Foster, the driver, as well as Federal Insurance Company, the insurer, remain in the suit and have all consented to removal. The Court further notes that the Petition is silent as to any claim of defect in the vehicle which may impose greater liability on Hertz as owner.[47] For all of the above reasons, the Court finds that removal was proper in this matter.

Removing Defendants raise an alternative argument in which Hertz's consent was not required because it was a defaulted defendant. Because the Court has

---

[46] In her Reply brief, Plaintiff states that the removal statute is to be strictly construed and doubts about the propriety of removal must be resolved in favor of removal. The Court considers Plaintiff's statement to simply be a mistake and Plaintiff meant to argue that any doubts about the propriety of removal must be resolved in favor of remand.
[47] R. Doc. 1-1.

already ruled that Hertz's consent was not necessary due to the automatic stay ordered against it, the Court does not reach Defendants alternative argument.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[48] is **DENIED**.

New Orleans, Louisiana, February 4, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[48] R. Doc. 5.